IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>STORM CAT ENERGY (USA) CORPORATION, et al.,<br><br>      Debtors. | Case Nos. 08-27887 ABC; 08-27894 ABC;<br>08-27901 ABC; 08-27905 ABC;<br>08-27909 ABC<br><br>Chapter 11<br><br>**Jointly Administered Under**<br>**Case No. 08-27887 ABC** |
| STORM CAT ENERGY (USA) CORPORATION;<br>STORM CAT ENERGY (USA) OPERATING CORPORATION;<br>STORM CAT ENERGY (POWDER RIVER) LLC;<br>STORM CAT ENERGY (ALASKA) LLC;<br>STORM CAT ENERGY (FAYETTEVILLE) LLC;<br>TRIPLE CROWN GATHERING CORPORATION,<br><br>      Plaintiffs,<br><br>v.<br><br>NETHERLAND, SEWELL & ASSOCIATES, INC.,<br><br>      Defendant. | Adv. No. _____-ABC |

**COMPLAINT**

Storm Cat Energy (USA) Corporation, Storm Cat Energy (USA) Operating Corporation, Storm Cat Energy (Powder River) LLC, Storm Cat Energy (Alaska) LLC, Storm Cat Energy (Fayetteville) LLC, and Triple Crown Gathering Corporation (the "Debtors") for their complaint (this "Complaint") state:

## PARTIES, JURISDICTION AND VENUE

1. On November 10, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title, 11 U.S.C. (the "Bankruptcy Code"), commencing bankruptcy cases numbered 08-27887 ABC, 08-27894 ABC; 08-27901 ABC; 08-27905 ABC; and 08-27909 ABC (the "Bankruptcy Cases"), in the United States Bankruptcy Court for the District of Colorado (this "Court"). The Bankruptcy Cases are jointly administered under Case No. 08-27887 ABC.

2. The Debtors remain in possession of their property and manage their business as debtors in possession under §§ 1107 and 1108 of the Bankruptcy Code in their jointly administered cases. No trustees or examiners have been appointed in the Debtors' cases. A committee of unsecured creditors has been appointed in the Storm Cat Energy (USA) Operating Corporation case, Case No. 08-27894 ABC.

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado under D.C.COLO.LCivR 84.1.

4. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (F) and/or (O).

6. Defendant Netherland, Sewell & Associates, Inc. (the "Defendant") is a company with a business address of 4500 Thanksgiving Tower, 1601 Elm Street, Dallas, Texas 75201.

## GENERAL ALLEGATIONS

7. The Debtors are subsidiaries of a publicly held British Columbia company and are in the natural gas exploration and development business. The Debtors operate energy producing properties in Wyoming and Arkansas.

8. Storm Cat Energy (USA) Corporation is the American parent of the other Debtors and it holds title to oil and gas properties in the state of Arkansas. Storm Cat Energy (Powder River) LLC is a subsidiary of Storm Cat Energy (USA) Corporation and it holds title to oil and gas properties in the state of Wyoming. Storm Cat Energy (USA) Operating Corporation served as the operator for the properties of the Debtors whether in Wyoming, Arkansas or elsewhere, and it entered into contracts and wrote checks for payment of various obligations.

9. Payments made by the Debtors before the Petition Date were largely from a bank account titled in the name of Storm Cat Energy (USA) Operating Corporation.

## FIRST CLAIM FOR RELIEF
### Avoidance and Recovery of Transfers; 11 U.S.C. §§ 547 and 550
### (Preferential Transfers)

10. The Debtors incorporate all of the foregoing paragraphs of this Complaint as if fully recited herein.

11. At all times relevant hereto, the Defendant was a creditor of one or more of the Debtors based on an agreement, goods or services provided by the Defendant to one or more of the Debtors.

12. On or within the ninety days before the Petition Date, between August 12, 2008 and the Petition Date, one or more of the Debtors made payments identified on the dates and in the amounts set forth in **Exhibit A** (the "Transfers"), to or for the benefit of the Defendant.

13. The Transfers were transfers of property of the Debtors.

3

14. The Transfers were made while the Debtors were insolvent.

15. The Transfers were made in on account of antecedent debt, owed by one of the Debtors to the Defendant before each of the Transfers was made.

16. The Transfers enabled the Defendant to receive more than it would have received if: (a) the Debtors' cases were cases under Chapter 7 of title 11, U.S.C.; (b) the Transfers had not been made; and (c) the Defendant had received payment only to the extent provided by the provisions of title 11, U.S.C.

17. The Transfers to or for the benefit of the Defendant are avoidable under § 547(b) of the Bankruptcy Code.

18. The Defendant is the initial transferee of the Transfers.

19. The Defendant is the entity for whose benefit the Transfers were made.

20. The Debtors are entitled to recover from the Defendant the value of the Transfers for the benefit of the Debtors' bankruptcy estates under § 550 of the Bankruptcy Code.

### SECOND CLAIM FOR RELIEF
### (In the Alternative)
### Avoidance and Recovery of Transfers; 11 U.S.C. §§ 548 and 550
### (Reasonably Equivalent Value)

21. The Debtors incorporates all of the foregoing paragraphs of this Complaint as if fully recited herein.

22. At all times relevant hereto, the Defendant was a creditor of one or more of the Debtors.

23. On or within two years preceding the Petition Date, between November 10, 2006 and the Petition Date, one of the Debtors made the Transfers to the Defendant, including those identified in **Exhibit A** (altogether, the "Two Year Transfers").

24. The Two Year Transfers to the Defendant were voluntary transfers of an interest of the Debtors in property.

25. Upon information and belief, the Debtor entity making the Two-Year Transfers received less than reasonably equivalent value in exchange for the Two-Year Transfers, insofar as any value may have been given to another one of the Debtors.

26. The Debtors were insolvent on the dates that the Two Year Transfers were made to the Defendant.

27. The Defendant is the initial transferee of the Two Year Transfers.

28. The Defendant is the entity for whose benefit the Two Year Transfers were made.

29. The Debtors are entitled to recover from the Defendant the value of the Two Year Transfers, along with any other payments or transfers of property to or for the benefit of the Defendant prior to the Petition Date that are currently unknown to the Debtors avoidable under § 548 of the Bankruptcy Code, for the benefit of the Debtors' bankruptcy estates, under § 550 of the Bankruptcy Code.

30. The Debtors are entitled to recover from the Defendant all pre- and post-judgment interest on the Two Year Transfers, plus costs and attorneys' fees as allowed by law.

### THIRD CLAIM FOR RELIEF
**Disallowance of Claim; 11 U.S.C. § 502**

31. The Debtors incorporate all of the foregoing paragraphs of this Complaint as if fully recited herein.

32. The Defendant is an entity from whom property is recoverable under, among other things, §§ 547; 548 and/or 550 of the Bankruptcy Code.

33. The Defendant is an entity that is the transferee of a transfer avoidable under, among other things, §§ 547 and/or 548 of the Bankruptcy Code.

5

34. The Defendant has failed to pay the amount or to turn over to the Debtors the value of any property for which the Defendant is liable under, among other things, §§ 547; 548 and/or 550 of the Bankruptcy Code.

35. Any and all claims that the Defendant may have in the Debtors' Bankruptcy Cases must be disallowed under § 502(d) of the Bankruptcy Code.

36. The Debtors are entitled to judgment against the Defendant disallowing any claims asserted by the Defendant in the Debtors' Bankruptcy Cases under § 502(d) of the Bankruptcy Code.

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Court enter judgment in favor of the Debtors on this Complaint and against the Defendant: (a) for avoidance of the Transfers or the Two Year Transfers and a money judgment for the value thereof plus pre- and post-judgment interest, costs and attorneys' fees as allowed by law; (b) disallowing the Defendant's claims; and (c) entering other relief as deemed appropriate.

Dated this 5th day of November, 2010.

LINDQUIST & VENNUM P.L.L.P.

By: /s/ Theodore J. Hartl
Craig A. Christensen, #4490
Theodore J. Hartl, #32409
600 17th Street, Suite 1800 South
Denver, CO 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
Email: thartl@lindquist.com

Counsel for Storm Cat Energy (USA) Corporation, Storm Cat Energy (USA) Operating Corporation, Storm Cat Energy (Powder River) LLC, Storm Cat Energy (Alaska) LLC, Storm Cat Energy (Fayetteville) LLC, and Triple Crown Gathering Corporation

**MARKUS WILLIAMS YOUNG & ZIMMERMAN LLC**

By: /s/ John F. Young
John F. Young, #26989
1700 Lincoln Street, Suite 4000
Denver, CO 80203-4505
Telephone: (303) 866-0107
Facsimile: (303) 830-0809
Email: jyoung@markuswilliams.com

Special counsel for Storm Cat Energy (USA) Corporation and Storm Cat Energy (USA) Operating Corporation

DOCS-#3346706-v1

# EXHIBIT A

| ID | Bank clear date | Check No | Type | Co | Check date | Payee Name | Payee | Check amount | Bank stmt date | Correct | Expensed Area | check |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 800*CHCK*17100 | | 17100 | AP | 800 | 12/8/2006 | NETHERLAND, SEWE | 1652 | 8,877.60 | 12/31/2006 | | WY | 17100 |
| 800*CHCK*17467 | | 17467 | AP | 800 | 2/22/2007 | NETHERLAND, SEWE | 1652 | 6,565.60 | 2/28/2007 | | WY | 17467 |
| 800*CHCK*17485 | | 17485 | AP | 800 | 3/2/2007 | NETHERLAND, SEWE | 1652 | 4,152.68 | 3/31/2007 | | WY | 17485 |
| 800*CHCK*17639 | | 17639 | AP | 800 | 3/21/2007 | NETHERLAND, SEWE | 1652 | 18,902.60 | 3/31/2007 | | WY | 17639 |
| 800*CHCK*17820 | | 17820 | AP | 800 | 4/20/2007 | NETHERLAND, SEWE | 1652 | 27,798.31 | 4/30/2007 | | WY | 17820 |
| 805*CHCK*7947 | | 7947 | AP | 805 | 5/25/2007 | NETHERLAND, SEWE | 1652 | 24,067.35 | 5/31/2007 | | WY | 7947 |
| 805*CHCK*8192 | | 8192 | AP | 805 | 11/30/2007 | NETHERLAND, SEWE | 1652 | 68,119.09 | 12/31/2007 | | WY | 8192 |
| 800*CHC 10/29/08 | | WT102908 | AP | 800 | 10/29/2008 | NETHERLAND, SEWE | 1652 | 70,448.27 | 10/31/2008 | Y | WY | Wire |
| | | | | | | | | 228,931.50 | | | | |